UNITED STATES of America,
Plaintiff–Appellee,

v.

Kato Amosa IOSUA, Defendant–
Appellant.

No. 15–10372

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2016 *

FILED June 20, 2016

Thomas C. Muehleck, Chris Alan Thomas, Assistant U.S. Attorneys, DOJ—Office of the US Attorney, Honolulu, HI, for Plaintiff–Appellee.

Kato Amosa Iosua, Beaumont, TX, Pro Se.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Kato Amosa Iosua appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district court has authority to modify a sentence under section 3582(c)(2), see *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

Iosua contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. The district court correctly concluded that Iosua is ineligible for a sentence reduction because his sentence is already below the minimum of the amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."). Contrary to Iosua's contention, section 1B1.10(b) does not impermissibly restrict the discretion of the district court to reduce a sentence in a section 3582(c)(2) proceeding. *See United States v. Davis*, 739 F.3d 1222, 1225–26 (9th Cir. 2014).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.